An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

EVELL EASON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62232

**FILED**

JUL 2 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order revoking appellant Evell Eason's probation and an amended judgment of conviction. Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

Relying on *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972), Eason contends that her right to be heard and present mitigating evidence at the probation revocation proceeding was violated. Because Eason did not object to any violation of her rights below, we review for plain error. *See* NRS 178.602; *Leonard v. State*, 117 Nev. 53, 63, 17 P.3d 397, 403-04 (2001). At the revocation proceeding, counsel for Eason noted that she had been successful on probation for over a year, had not failed to appear, and her only violation, other than an arrest, was arrearages in fees. Neither counsel nor Eason indicated that Eason wished to personally address the court or present additional mitigating evidence. Sufficient evidence was presented to support the revocation of Eason's probation, *see Lewis v. State*, 90 Nev. 436, 438, 529 P.2d 796, 797 (1974) (evidence supporting a decision to revoke probation must merely be sufficient to reasonably satisfy the district court that the conduct of the probationer was not as good as required by the conditions of probation), and we conclude that

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21407

Eason failed to demonstrate that the district court committed plain error. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Hardesty

_____ J.
Parraguirre

_____, J.
Cherry

cc:  Hon. Jerome T. Tao, District Judge
     Clark County Public Defender
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

[1]Eason's fast track statement does not comply with NRAP 3C(h)(1) and NRAP 32(a)(4) because it does not have 1-inch margins on all four sides. We caution Eason's counsel, Ryan Bashor, that future failure to comply with formatting requirements when filing briefs with this court may result in the imposition of sanctions. *See* NRAP 3C(n).